UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MILDRED FELICIANO, | ) | CASE NO. 1:20-cv-753 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Carmen E. Henderson (Doc. No. 22) with respect to plaintiff's complaint for judicial review of defendant's denial of her application for Disability Insurance Benefits ("DIB"). Plaintiff Mildred Feliciano ("Feliciano" or "plaintiff") filed objections to the R&R (Doc. No. 23) and defendant Commissioner of Social Security ("Commissioner" or "defendant") filed a response to the objections (Doc. No. 24[1]). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's objections, accepts the R&R, and affirms the Commissioner's denial of DIB benefits.

---

[1] Defendant's response adds nothing to the analysis, as it merely "stands on the merits of its [original] brief[.]" (Doc. No. 24 at 1.)

I.  **BACKGROUND**

Feliciano applied for DIB on August 17, 2016, alleging a disability onset date of June 10, 2016 and claiming limitation of her ability to work due to diabetes, internal shingles, stroke, hypertension, and problems with hands. (Doc. No. 15, Transcript at 195, 235.[2]) The application was denied both initially and upon reconsideration. Feliciano requested a hearing before an Administrative Law Judge ("ALJ"), which was conducted on November 15, 2018. On February 27, 2019, the ALJ issued a decision finding that Feliciano was not disabled. (*Id*. at 18–28.) On February 12, 2020, the Appeals Council denied further review, rendering the ALJ's decision final. (*Id*. at 1–3.)

On April 7, 2020, Feliciano filed this case requesting judicial review. On June 28, 2021, the magistrate judge Henderson issued her R&R recommending that the Commissioner's decision be affirmed. Feliciano objects.

II.  **DISCUSSION**

  A.  **Standard of Review**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate

---

[2] Page number references to the administrative transcript (Doc. No. 15) are to the bates numbers applied to the lower right-hand corner of each page. All *other* page number references herein are to the consecutive page numbers applied to individual documents by the Court's electronic filing system.

judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

  **B.**  **Analysis**

Feliciano raises four objections to the R&R, arguing that each constitutes harmful, reversible error: (1) failing to consider the effects of her breast cancer diagnosis as severe impairments (Doc. No. 23 at 1–2); (2) failing to consider the totality of the medical records, especially the records after the review by the State Agency (*id.* at 2); (3) failing to include additional restrictions based on plaintiff's fatigue, low energy, poor concentration, and additional difficulty using her arm after breast surgery (*id.* at 3); and (4) failing to address the ALJ's reliance

3

upon the obsolete opinions of the State Agency reviewing ophthalmologist and pulmonologist (*id.*).

Feliciano's objections are completely bereft of any supporting case law and/or regulations in support of her arguments; additionally, they contain very little by way of reference to the record. She merely states, in conclusory fashion, her disagreement with the R&R and with the ALJ's decision and asks this Court to overrule the R&R "[f]or the reason set forth in these Objections, the Brief on the Merits, and Plaintiff's Reply Brief[.]" (Doc. No. 23 at 4.) Although these are arguably not proper objections, thus allowing the Court to overrule the objections for this reason alone, the Court will nonetheless address them briefly.

***Objection No. 1*: Failure to consider the severe impairments caused by Feliciano's breast cancer diagnosis**

Criticizing the R&R for quoting the ALJ's "boilerplate language that he considered all of [her] impairments[]" (*id.* at 1), Feliciano argues that if the effects of her breast cancer diagnosis and treatment (including problems with her upper extremity) had been included in the residual functional capacity ("RFC") assessment (as she claims they should have been), she would have been limited to simple routine tasks and/or occasional handling and fingering, rather than the frequent handling and fingering bilateral found by the ALJ and, therefore, would have been unable to perform her past relevant work.

Feliciano's objection does not point to any part of the record that would support her assertion of additional limitations resulting from her breast cancer, let alone "severe" impairments. The ALJ relied upon Exhibit 30F (Doc. No. 15 at 2227–2304) and Exhibit 31F (*id.* at 2305–2378), which were medical records from the Cleveland Clinic Foundation encompassing the period of September 8, 2018 to November 12, 2018, to conclude that "the record does not indicate that the

4

claimant's breast cancer has lasted or is expected to last 12 months." (*Id*. at 20.) Feliciano claims that this is "speculation as the ALJ's decision was issued less than six months after the diagnosis." (*Id*. at 1.)[3] Even if that is taken as true, Feliciano's objection points to nothing in the record to objectively support her subjective statements that she suffered from severe upper extremity problems as a result of her breast cancer and its treatment.

Feliciano was diagnosed with breast cancer on September 25, 2018 (R&R at 9) and underwent a right lumpectomy with sentinel lymph node biopsy (SLNB) on October 1, 2018 (*id.*), followed by radiation, which occurred after November 8, 2018 (*see* Doc. No. 15, Exhibit 32F at 2403). The medical records encompass up to and including the radiation simulation, but not the actual radiation treatments, which presumably did occur.

In her original brief filed in this case, Feliciano criticized the ALJ for not considering her breast cancer diagnosis and follow-up treatments as an "additional impairment," asserting that "the surgery *and radiation* were causing problems including a limited range of motion of her effected [sic] arm." (Doc. No. 17, Brief of Plaintiff at 14 (citing Doc. No. 15 at 2398) (emphasis added).) The medical record cited by Feliciano in her brief is from an encounter on October 24, 2018 (before radiation treatments began), when she reported ongoing discomfort and limitation of range of motion in her right arm following her breast cancer surgery on October 1, 2018. (*See also* Doc. No. 15 at 2392.) The doctor's notes confirm that, on physical exam, there was "[m]ildly restricted ROM [range of motion] with extension of RUE [right upper extremity]." (*Id*. at 2394.)

---

[3] In her objection, Feliciano also asserts that she testified at the hearing before the ALJ on November 15, 2018 that "she was undergoing treatment for her breast cancer." (Doc. No. 23 at 1 (citing Doc. No. 15 at 44).) But the entirety of her testimony was: "I'm also taking treatments." (Doc. No. 15 at 44.) That is hardly evidence sufficient to support anything other than her assertion that her breast cancer treatment was ongoing at the time of the hearing. There is no nexus between that simple statement and her claims of additional impairments allegedly relating to her breast cancer diagnosis and treatment.

Even if the ALJ had explicitly considered or noted this range of motion restriction, which he appears not to have done, there is no reason to believe that, in light of the record evidence, he would have found the restriction to be "severe." Therefore, failure to consider and/or factor into the RFC any "additional impairments" allegedly caused by Feliciano's then-recent breast cancer diagnosis and treatment was not reversible error.

This objection is overruled.

### *Objection No. 2*: **Failure to consider the totality of the medical records**

Feliciano next objects to the R&R's finding that the ALJ's determination of no severe mental impairments is supported by the record. She argues that the ALJ failed to address her depression and anxiety, which had more than minimal effect on her ability to work, and which was reflected in certain treatment notes. (Doc. No. 23 at 2 (citing Doc. No. 15 at 2121–2124; 2159–2174; 2398).)

According to Feliciano, the ALJ cited only records prior to her open-heart surgery in August 2017 and her breast cancer diagnosis in September 2018. But that is not true. The ALJ cited records post-heart surgery, starting with Exhibit 19F (Doc. No. 15 at 1372–2398) and concluding with Exhibit 31F (*id*. at 2305–2378). None of these records reflect mental impairments that would limit Feliciano's ability to work, as correctly found by the ALJ. Feliciano fails to cite to any *omitted* record evidence to support her claim of significantly limiting mental impairments.

While it is true, as Feliciano also notes, that the ALJ gave great weight to the State Agency psychological consultant whose report was made on April 3, 2017 (*see id*. at 22; *see also id*. at 102–118), the ALJ further properly concluded that the consultant's opinion was "consistent with the claimant's lack of treatment for mental impairments for a majority of the relevant period as

6

well as largely unremarkable mental status examinations." (*Id*.) Again, Feliciano fails to direct the Court to any *omitted* record evidence that would support a contrary conclusion.

This objection is overruled.

### *Objection No. 3*: **Failure to include additional restrictions**

Feliciano argues that she provided more than *de minimis* proof that she has additional severe restrictions based on fatigue, low energy, poor concentration, and additional difficulty using her arm after her breast surgery. (Doc. No. 23 at 3.) Yet she fails to point to record evidence in support of this assertions.

Feliciano also argues that she has a history of multiple hospitalizations, which have caused her to miss work. She points out that the vocational expert who testified at the hearing stated that no job could be maintained by a person who missed work two times per month (*id*. (citing Doc. No. 15 at 74)), yet the ALJ failed to include this limitation in the RFC. (*Id*.)

What seems clear from the record is that Feliciano had heart surgery in August 2017 and breast cancer surgery followed by radiation in September through November or December of 2018. Presumably she was absent from work at those times. But Feliciano fails to point to any other record evidence, much less any that would suggest she was, and would continue to be, absent from work two times per month. Plaintiff's conclusory assertions concerning this issue are insufficient; she must point to record evidence that the ALJ failed to consider.

This objection is overruled.

*Objection No. 4*: **Failure to address the ALJ's reliance upon obsolete medical opinions**

Finally, Feliciano criticizes the R&R's failure to address her argument that the ALJ's reliance upon the State Agency reviewing ophthalmologist and pulmonologist was in error because their opinions were obsolete and could not have incorporated records demonstrating that her condition had deteriorated. (Doc. No. 23 at 3.) She claims the ALJ "relied on these obsolete findings in making his RFC [determination]." (*Id.*)

But Feliciano misreads the ALJ's decision. Rather than *relying* on these consultants (who conducted their reviews in November 2018 and January 2017), the ALJ assigned their medical opinions only "partial weight[]" because neither consultant had the "opportunity to examine the claimant or review the additional medical evidence received at the hearing level." (Doc. No. 15 at 26.)

This objection is overruled.

### III. CONCLUSION

For the reasons discussed above, Feliciano's objections are overruled, and the R&R is accepted. Because the Commissioner's decision was supported by substantial evidence, it is affirmed. This case is closed.

**IT IS SO ORDERED**.

Dated: August 23, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**